**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
|    Kethline Joseph | : |
| | : |
|    Debtor(s) | : NO. 16-12628 mdc |

**AMENDED CHAPTER 13 PLAN**

    1.  The Debtor(s) shall pay the Trustee the total sum of $26,500.00 over a period of sixty (60) months.

    The sum of $166.66 per month for the first six (6) months, starting in May, 2016 and then increasing to $250.00 per month for the next six (6) months, starting in November, 2016 and then increasing to $500.00 per month for the following forty-eight (48) months, starting in May 2017. (Debtor's pension loans will be paid off)

    2.  From the payments so received the Trustee shall make disbursements in the following order:

    A.  First:

    (i) Trustee's commission.(Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed ten (10%) percent.

    (ii) The attorney fees for $1,800.00 owed to Michael A. Latzes, Esquire

    B. Second:

    (a) Holder of allowed secured claims shall retain their liens securing such claims and shall be paid as follows:

    (i) The mortgage arrears of $19,794.04 owed to U.S. National Association Trustee for PA Housing Finance Agency.
    (ii) The water/sewer lien of $2,178.68 owed to the Water Revenue Bureau.

    C.  Third:

    (a) Full payment of deferred cash payments entitled to priority under 11 U.S.C. Section 507:

    D.  Fourth:

    (i) Any remaining balance shall be paid pro rata to unsecured creditors that file a Proof of Claim in a timely manner.

      3. Debtor will make her post-petition mortgage payments directly to U.S. Bank National Association Trustee for PA Housing Finance Agency, starting in May, 2016.

      4. Upon completion of this or any other duly confirmed plan, as amended, or such earlier time when full payment under the plan is received by any of the respective creditors, all tax liens, security interests or mortgages that are paid in full, as such underlying obligations are finally determined by the Court, shall be satisfied of record without additional cost to the Debtor.

      5. Upon completion of this or any other duly confirmed plan, as amended, all creditors listed in the Debtor's Schedules shall be discharged.

      6. The following executory contracts of the Debtor are rejected:   NONE

      7.  The following leases of the Debtor are assumed: NONE

      8. Property of the estate, being any property or income obtained prior or subsequent to an order confirming the Debtor's Chapter 13 Plan, will vest in the Debtor upon confirmation, and the Debtor shall have the sole right to the use and possession of same.

/S/_____         /S/ KETHLINE JOSEPH   10-5-16_____
(DEBTOR)        (DEBTOR) KTEHLINE JOSEPH SANCHEZ